The Honorable Barbara Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion, on behalf of Mr. Len Belanger, President of the Foreman School Board, regarding a school director's business transactions with the school district for which he serves. Although not stated in your correspondence, I assume that this request is a follow-up to Op. Att'y Gen. No. 94-075, which was issued to you on May 4, 1994, since that opinion pertains to the same issue presented in your current request. In the request which formed the basis for Op. Att'y Gen. No. 94-075, you stated that a member of the Foreman School Board had, from the period of October 4, 1993 through January 31, 1994, made day-to-day retail sales from his business to the Foreman School District in amounts ranging from $1.42 to $786.40. With respect to these retail sales, you asked for an opinion on what state statutes would cover a school director's business transactions with his district and the relevancy of a director's oath of office to the appropriateness of such sales. In response to your questions, I set forth several statutes which, in my opinion, were potentially relevant to your inquiry. I stated, however, that the applicability of any of the various prohibitions contained in the statutes cited would depend upon the particular circumstances involved, thus requiring a case by case determination, and that I therefore could not opine as to the appropriateness or inappropriateness of the actions of the particular school board member referred to in your correspondence. See Op. Att'y Gen. No. 94-075 at 4-5. Although I am somewhat unclear as to the nature of your present opinion request, it is my impression that you now want me to make a determination as to whether the school board director referred to in your previous request violated any of the statutes discussed in Op. Att'y Gen. No. 94-075.
With respect to your present request, I must, once again, emphasize that a factual inquiry, which is beyond the scope of an attorney general's opinion, will be necessary in order to determine whether the particular school board director in question did anything wrong in making retail sales to the district for which he serves. While you outlined a set of facts in your previous request, more facts would be needed in order to determine which, if any, of the statutes which were discussed in Op. Att'y Gen. No. 94-075 would be relevant. The discussion provided in Op. Att'y Gen. No. 94-075 should, however, be of assistance to an appropriate factfinder in this matter. For example, on pages 4-5 of Op. Att'y Gen. No.94-075, I offered a general interpretation of the potentially applicable statutes as they would relate to a school director's business transactions with his district. The determination as to whether a school board director has violated any criminal statutes and therefore should be charged with a criminal violation will, ultimately, rest within the discretion of a prosecuting attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh